UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARMANDO CORTINAS,<br>BEATRICE B. CORTINAS,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA HOUSING, *et al.*,<br><br>    Defendants. | Case No. 2:11-CV-01480-KJD-RJJ<br><br>**ORDER** |

    Presently before the Court are Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (#4/5) and Defendant Wells Fargo Home Mortgage's ("Wells Fargo") Motion to Dismiss (#7).

I.  Background

    In May 1997, Plaintiffs purchased a home located at 1060 Sweeney Avenue, Las Vegas, Nevada 89104. Plaintiffs purchased the property by borrowing $95,757 from North American Mortgage Company. The loan was serviced by Wells Fargo. In August 1997, co-Defendant State of Nevada Housing Division was recorded as the beneficiary under the promissory note and assignee of the deed of trust; Wells Fargo continued to act as the mortgage servicer. Plaintiffs began experiencing financial difficulties in 2003, and as a result of "numerous financial obligations" and "arrearages on their [mortgage] loan," they filed for voluntary Chapter 13 bankruptcy. Plaintiffs'

bankruptcy was subsequently discharged on December 9, 2008 as a result of Plaintiffs' inability to comply with the bankruptcy plan (Request for Judicial Notice Dkt. #8 Exh. 6). Thereafter, the bankruptcy court reopened Plaintiffs' bankruptcy case and granted discharge on May 13, 2010.

On October 11, 2010, the State of Nevada Housing Division – through its designated substitute trustee, National Default Servicing Corporation ("National Default") initiated a non-judicial foreclosure of Plaintiffs' property. Plaintiffs received a notice of default and election to sell (Request for Judicial Notice Dkt. #8 Exh. 8). On January 13, 2011, a foreclosure mediation certificate was issued and recorded allowing National Default to proceed with foreclosure (Request for Judicial Notice Dkt. #8 Exh. 10). National Default recorded a Notice of Trustee Sale on January 13, 2011 (Request for Judicial Notice Dkt. #8 Exh. 11) and the property was purchased by the State of Nevada Housing Division through a credit bid on February 17, 2011 (Request for Judicial Notice Dkt. #8 Exh. 12). On or about July 11, 2011, Plaintiffs were evicted from their home.

Plaintiffs filed the present action in state court on August 15, 2011 which Defendants subsequently removed. Plaintiffs' complaint asserts eight causes of action: (1) wrongful foreclosure, (2) declaratory judgment, (3) breach of contract, (4) breach of the covenant of good faith and fair dealing, (5) unjust enrichment, (6) trespass to land, (7) conversion, and (8) slander of title.

II. Discussion

Plaintiffs request that the Court enter a temporary restraining order to prevent Defendants from selling the property. Additionally, Defendant Wells Fargo moves to dismiss four of Plaintiffs' claims against them: wrongful foreclosure, breach of contract, breach of covenant of good faith and fair dealing, and conversion.

A. Legal Standard for Temporary Restraining Order

Plaintiffs allege that they will suffer immediate and irreparable injury if the Court does not void the February 2011 trustee's sale. Under Fed. R. Civ. P. 65(b), a plaintiff must make a showing that immediate and irreparable injury, loss, or damage will result to plaintiff without a temporary restraining order before a motion for preliminary injunction can be heard. Past Ninth Circuit cases

have disputed whether a finding of irreparable injury must be "likely" or merely "possible." *Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007) (laying out a traditional test and an alternative, sliding scale "possibility" test). To provide clarity, the Supreme Court recently concluded that a plaintiff seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 129 S.Ct. 365, 374–76 (2008). As a result of this ruling, the Ninth Circuit has explicitly recognized that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

        1. Success on the Merits

Losing one's home and property to foreclosure may undoubtedly constitute irreparable harm. *See Dixon v. Thatcher*, 103 Nev. 414, 416 (1987) (reasoning that losing rights to real property may cause irreparable harm because the attributes of real property are unique). However, a court cannot void a trustee's sale when a plaintiff has failed to comply with the provisions of Nev. Rev. Stat. § 107.080(5). Under Nev. Rev. Stat. § 107.080(5), a trustee's "sale…may be declared void by any court of competent jurisdiction in the county where the sale took place" if:

    a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;

    b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 90 days after the date of the sale; and

    c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.

In the instant case, Plaintiffs filed their complaint nearly six months after the trustee's sale in February 2011. Plaintiffs acknowledge they received the notice of default and the notice of trustee's sale. Therefore, Plaintiffs did not timely comply with Nev. Rev. Stat. § 107.080(5)'s requirement that a party must file a complaint to void a foreclosure sale

within 90 days of the trustee's sale and record a notice of lis pendens within 30 days of filing the complaint.  As such, Plaintiffs cannot maintain a cause of action to void a foreclosure under Nev. Rev. Stat. § 107.080.  Without filing a timely complaint and recording a notice of lis pendens within the statutorily designated time period, the Court is without statutory authority to void Plaintiffs' foreclosure.  Thus, by its very nature, Plaintiffs' claim does not demonstrate a likelihood of success on the merits.  Because Plaintiffs have failed to demonstrate a likelihood of success on the merits, there is no need for the Court to consider the remaining factors.  Accordingly, the Court denies Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

### B.  Legal Standard for Motion to Dismiss

Wells Fargo moves the Court to dismiss Plaintiffs' claims against it for wrongful foreclosure, breach of contract, breach of the covenant of good faith and fair dealing, and conversion.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. *Id*. at 1950.

////

////

### C. Defendant Wells Fargo's Request to take Judicial Notice

Wells Fargo requests that judicial notice be taken of 11 documents related to the foreclosure of Plaintiffs' property which are publicly recorded: a May 30, 1997 Deed of Trust, a May 28, 1997 Promissory Note, an August 8, 1997 Assignment of Deed of Trust, an August 1, 2003 copy of Plaintiffs' Bankruptcy Petition, a September 13, 2011 copy of Plaintiffs' bankruptcy docket, a December 9, 2008 order dismissing Plaintiffs' bankruptcy case, an August 2, 1010 copy of Plaintiffs' bankruptcy discharge, an October 11, 2010 Notice of Default and Election to Sell, an October 11, 2010 Substitution of Trustee, a January 13, 2011 Foreclosure Mediation Certificate, a January 13, 2011 Notice of Trustee's Sale, and a February 17, 2011 Trustee's Deed Upon Sale. Wells Fargo's request for judicial notice is unopposed.

While, "as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion. . . it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir.2008) (quotations and citations omitted). However, to take judicial notice of a fact, it must be either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents submitted by Wells Fargo are publicly recorded documents of which judicial notice may properly be taken, and accordingly, those documents may be considered in deciding Wells Fargo's motion to dismiss.

### D. Wells Fargo's Standing

As a preliminary issue, Plaintiffs' complaint and also their opposition to Wells Fargo's motion to dismiss allege that neither the State of Nevada Housing Division nor Wells Fargo have standing to pursue a foreclosure sale against Plaintiffs' property. The State of

Nevada Housing Division was not the original mortgagee and, therefore, must show that the mortgage was properly assigned to them in writings signed by the grantors before they could notice the sales and foreclosures of the properties. *See Pasillas v. HSBC Bank USA*, 255 P.3d 1281, 1286 (Nev. 2011) (ruling that valid assignments are needed when a beneficiary of a deed of trust seeks to foreclose on a property). North American Mortgage Company's assignment of the deed of trust to the State of Nevada Housing Division's – correctly recorded on August 8, 1997 – is evidence of the State of Nevada Housing Division's standing to foreclose (Request for Judicial Notice Dkt. #8 Exh. 3). Plaintiffs do not dispute that Defendant State of Nevada Housing Division, through its substituted servicer, National Default, initiated foreclosure proceedings against Plaintiffs. Because the State of Nevada Housing Division was the properly recorded beneficiary under the note and assignee of the deed of trust it had authority and standing to initiate foreclosure proceeds if Plaintiffs breached the terms of the loan agreement.

As to Wells Fargo's standing, Plaintiffs acknowledge in their opposition to Wells Fargo's motion to dismiss that Wells Fargo did not foreclose on their home, is not the note holder or trustee, and does not currently own Plaintiffs' home. Therefore, Wells Fargo need not provide proof of assignment in order to challenge Plaintiffs' claims. Instead, Plaintiffs incorrectly argue that Wells Fargo "has no standing to discuss the sufficiency of the foreclosure sale" – while at the same time claiming that Wells Fargo should be held liable for money damages based upon their conduct. Wells Fargo is a defendant, not a plaintiff, and thus need not establish constitutional standing to "discuss" claims brought against it by Plaintiffs.

E. Wrongful Foreclosure

Notwithstanding the Court's non-authority to void Plaintiffs' foreclosure due to Plaintiffs' untimely complaint, the Court must still consider Plaintiffs' claim for wrongful foreclosure. Generally speaking, a tort action for wrongful foreclosure does exist in Nevada,

but only if "no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of power of sale." Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).

Unlike many recent and similarly situated cases in Nevada, Plaintiffs allege that they are not in breach of the agreement, but that they have made "every attempt to keep the note current." Instead, Plaintiffs argue that Defendants breached the agreement by refusing to accept Plaintiffs' mortgage payments. Adding strength to their claim, Plaintiffs assert that they "have all of the funds to pay all of the arrears caused by Wells Fargo." Although such bare assertions do not warrant an assumption of truth, Plaintiffs allege additional facts in their complaint. Plaintiffs assert that although they had arrearages in 2003, these arrearages were paid and discharged under a Chapter 13 bankruptcy plan in May 2010, and that they remained current on their mortgage through 2008. Plaintiffs allege that beginning in 2009, Wells Fargo began to refuse their mortgage payments, and that Wells Fargo's refusal continued into the first few months of 2010. Although Wells Fargo points to significant evidence in their opposition to Plaintiffs' motion for temporary restraining order that weakens Plaintiffs' claims, the Court cannot use these documents in considering a motion to dismiss. Moreover, Plaintiffs have not provided complete bank statements for 2009 and 2010, thus, at this stage it is unclear whether Plaintiffs attempted to make their mortgage payment, whether Wells Fargo rejected these payments, or whether such payments were misapplied. Accordingly, the Court denies the motion to dismiss the wrongful foreclosure claim.

### F.  Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing

To state a claim for breach of contract in Nevada, a plaintiff must demonstrate (1) the existence of a valid contract, (2) that the plaintiff performed or was excused from performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages. *Calloway v. City of Reno,* 993 P.2d 1259, 1263 (2000). Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration."

1  *May v. Anderson*, 121 Nev. 668, 672 (2005).  Moreover, "[e]very contract imposes upon each
2  party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw*
3  *Constr. v. Washoe County,* 105 Nev. 913, 784 P.2d 9, 9 (Nev.1989) (quoting Restatement
4  (Second) of Contracts § 205).
5        In their complaint, Plaintiffs alleged that Wells Fargo entered into an agreement with
6  Plaintiffs and breached that agreement when they foreclosed on Plaintiffs' home.  However,
7  with respect to the motion to dismiss, Plaintiffs do not dispute that Wells Fargo and Plaintiffs
8  never entered into an express, written agreement.  However, in their opposition to Wells
9  Fargo's motion to dismiss, Plaintiffs' provide additional allegations claiming breach of an
10 implied contract that are not contained in their complaint.
11       Plaintiffs argue that Wells Fargo's acceptance of Plaintiffs' monthly mortgage
12 payments constitute contractual acceptance; that the sending of monthly invoices, notices of
13 deficiencies, and receipt of payments manifest a mutual meeting of the minds, and; that
14 acceptance of Plaintiffs' monthly mortgage payment demonstrate consideration.   While
15 certain federal statutes prohibit liability against a mortgage servicer for certain activities, *See*
16 12 U.S.C.A. § 2605(j)(1)-(2) (mandating that a servicer of a federally related mortgage shall
17 not be liable to a borrower for failure to provide notice of an assignment, sale, or transfer of
18 the servicing of a loan), mortgage servicers, whether holders of the mortgage note or simply
19 agents of the holder of the note, may be liable for contractual breaches if the facts demonstrate
20 the existence of a contract.  Since, Plaintiffs' complaint does not meet the pleading
21 requirements by alleging facts claiming breach of an implied contract, i.e., the existence of an
22 offer, acceptance, meeting of the minds, and consideration, the Court dismisses the breach of
23 contract claim against Wells Fargo with leave to amend.  Likewise, the Court dismisses
24 Plaintiffs' breach of covenant of good faith and fair dealing with leave to amend.
25 ////
26 ////

G.  Conversion

In order to state a claim for conversion, Plaintiffs must allege that Wells Fargo "wrongfully exerted [dominion] over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Winchell v. Schiff*, 193 P.3d 946, 950 (Nev. 2008).  While conversion requires a physical act of dominion of personal property, liability for conversion is predicated upon "general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Id.* Therefore, Plaintiffs must plausibly demonstrate that Wells Fargo exerted an act of dominion over their personal property, in derogation of their rights in the property.

Defendant's argument that conversion only lies in the wrongful dominion over personal property without any contextual reference to real property wherein the personal property is stored is misplaced. *See Winchell*, 193 P.3d at 950 (upholding jury damages award for conversion where landlord wrongfully exerted dominion over a tenant's personal property located in a warehouse when landlord changed the tenant's locks prior to the termination of the lease, and thereafter tenant's property was stolen).  Plaintiffs allege in their complaint that they were wrongfully evicted.  Therefore, changing the locks on Plaintiffs' house would constitute an act of dominion over Plaintiffs' personal property if the eviction was wrongful.

It is unclear whether Wells Fargo is a party in interest to Plaintiffs' conversion claim. They are not and never have been the owner, note holder, or beneficiary of the deed of trust secured by Plaintiffs' property.  Plaintiffs acknowledge that they did not initiate or conduct the foreclosure sale.  It is unsettled whether Wells Fargo participated in the eviction process which Plaintiffs allege forms the basis of their conversion claim.  However, Wells Fargo does not disavow participation in the eviction procedure.  Thus, the Court cannot say as a matter of law whether Wells Fargo wrongfully exerted dominion over Plaintiffs' personal property, or

////

whether such eviction was wrongful.  Accordingly, the Court denies the motion to dismiss Plaintiffs' conversion claim.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (#4/5) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Wells Fargo's Motion to Dismiss (#7) is **GRANTED** in part and **DENIED** in part;

**IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint within fourteen (14) days of the entry of this order.  Failure to do so will result in dismissal of Plaintiffs' claims against Wells Fargo for breach of contract and breach of the covenant of good faith and fair dealing.

DATED this 29th day of December 2011.

_____
Kent J. Dawson
United States District Judge