# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARMANDO CORTINAS,
BEATRICE B. CORTINAS,

     Plaintiffs,

v.

STATE OF NEVADA HOUSING, *et al.*,

     Defendants.

Case No. 2:11-CV-01480-KJD-RJJ

**ORDER**

     Presently before the Court are Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (#4/5) and Defendant Wells Fargo Home Mortgage's ("Wells Fargo") Motion to Dismiss (#7).

I.   Background

     In May 1997, Plaintiffs purchased a home located at 1060 Sweeney Avenue, Las Vegas, Nevada 89104. Plaintiffs purchased the property by borrowing $95,757 from North American Mortgage Company.  The loan was serviced by Wells Fargo.  In August 1997, co-Defendant State of Nevada Housing Division was recorded as the beneficiary under the promissory note and assignee of the deed of trust; Wells Fargo continued to act as the mortgage servicer.  Plaintiffs began experiencing financial difficulties in 2003, and as a result of "numerous financial obligations" and "arrearages on their [mortgage] loan," they filed for voluntary Chapter 13 bankruptcy.  Plaintiffs'

1   bankruptcy was subsequently discharged on December 9, 2008 as a result of Plaintiffs' inability to

2   comply with the bankruptcy plan (Request for Judicial Notice Dkt. #8 Exh. 6).  Thereafter, the

3   bankruptcy court reopened Plaintiffs' bankruptcy case and granted discharge on May 13, 2010.

4        On October 11, 2010, the State of Nevada Housing Division – through its designated

5   substitute trustee, National Default Servicing Corporation ("National Default") initiated a non-

6   judicial foreclosure of Plaintiffs' property.  Plaintiffs received a notice of default and election to sell

7   (Request for Judicial Notice Dkt. #8 Exh. 8).  On January 13, 2011, a foreclosure mediation

8   certificate was issued and recorded allowing National Default to proceed with foreclosure (Request

9   for Judicial Notice Dkt. #8 Exh. 10).  National Default recorded a Notice of Trustee Sale on January

10  13, 2011 (Request for Judicial Notice Dkt. #8 Exh. 11) and the property was purchased by the State

11  of Nevada Housing Division through a credit bid on February 17, 2011 (Request for Judicial Notice

12  Dkt. #8 Exh. 12).   On or about July 11, 2011, Plaintiffs were evicted from their home.

13       Plaintiffs filed the present action in state court on August 15, 2011 which Defendants

14  subsequently removed.  Plaintiffs' complaint asserts eight causes of action: (1) wrongful foreclosure,

15  (2) declaratory judgment, (3) breach of contract, (4) breach of the covenant of good faith and fair

16  dealing, (5) unjust enrichment, (6) trespass to land, (7) conversion, and (8) slander of title.

17  II.  Discussion

18       Plaintiffs request that the Court enter a temporary restraining order to prevent Defendants

19  from selling the property.  Additionally, Defendant Wells Fargo moves to dismiss four of Plaintiffs'

20  claims against them: wrongful foreclosure, breach of contract, breach of covenant of good faith and

21  fair dealing, and conversion.

22       A.  Legal Standard for Temporary Restraining Order

23       Plaintiffs allege that they will suffer immediate and irreparable injury if the Court does not

24  void the February 2011 trustee's sale.  Under Fed. Civ. P. 65(b), a plaintiff must make a showing

25  that immediate and irreparable injury, loss, or damage will result to plaintiff without a temporary

26  restraining order before a motion for preliminary injunction can be heard.  Past Ninth Circuit cases

1    have disputed whether a finding of irreparable injury must be "likely" or merely "possible." *Taylor*

2    *v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007) (laying out a traditional test and an alternative, sliding

3    scale "possibility" test).  To provide clarity, the Supreme Court recently concluded that a plaintiff

4    seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v.*

5    *NRDC*, 129 S.Ct. 365, 374–76 (2008).  As a result of this ruling, the Ninth Circuit has explicitly

6    recognized that "[t]he proper legal standard for preliminary injunctive relief requires a party to

7    demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

8    the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

9    is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

10                   1.  Success on the Merits

11                   Losing one's home and property to foreclosure may undoubtedly constitute irreparable

12   harm.  *See Dixon v. Thatcher*, 103 Nev. 414, 416 (1987) (reasoning that losing rights to real property

13   may cause irreparable harm because the attributes of real property are unique).  However, a court

14   cannot void a trustee's sale when a plaintiff has failed to comply with the provisions of Nev. Rev.

15   Stat. § 107.080(5).  Under Nev. Rev. Stat. § 107.080(5), a trustee's "sale…may be declared void by

16   any court of competent jurisdiction in the county where the sale took place" if:

17            a) The trustee or other person authorized to make the sale does not substantially comply
18               with the provisions of this section or any applicable provision of NRS 107.086 and
                 107.087;

19            b) Except as otherwise provided in subsection 6, an action is commenced in the county
                 where the sale took place within 90 days after the date of the sale; and
20

21            c) A notice of lis pendens providing notice of the pendency of the action is recorded in
                 the office of the county recorder of the county where the sale took place within 30
                 days after commencement of the action.
22

23                   In the instant case, Plaintiffs filed their complaint nearly six months after the

24   trustee's sale in February 2011.  Plaintiffs acknowledge they received the notice of default

25   and the notice of trustee's sale.  Therefore, Plaintiffs did not timely comply with Nev. Rev.

26   Stat. § 107.080(5)'s requirement that a party must file a complaint to void a foreclosure sale

1   within 90 days of the trustee's sale and record a notice of lis pendens within 30 days of filing

2   the complaint.  As such, Plaintiffs cannot maintain a cause of action to void a foreclosure

3   under Nev. Rev. Stat. § 107.080.  Without filing a timely complaint and recording a notice of

4   lis pendens within the statutorily designated time period, the Court is without statutory

5   authority to void Plaintiffs' foreclosure.  Thus, by its very nature, Plaintiffs' claim does not

6   demonstrate a likelihood of success on the merits.  Because Plaintiffs have failed to

7   demonstrate a likelihood of success on the merits, there is no need for the Court to consider

8   the remaining factors.  Accordingly, the Court denies Plaintiffs' Motion for Temporary

9   Restraining Order and Preliminary Injunction.

10         B.  Legal Standard for Motion to Dismiss

11         Wells Fargo moves the Court to dismiss Plaintiffs' claims against it for wrongful

12   foreclosure, breach of contract, breach of the covenant of good faith and fair dealing, and

13   conversion.  "To survive a motion to dismiss, a complaint must contain sufficient factual

14   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

15   *Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

16   (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has

17   pleaded facts which allow "the court to draw the reasonable inference that the defendant is

18   liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation illustrates a two prong analysis.

19   First, the Court identifies "the allegations in the complaint that are not entitled to the

20   assumption of truth," that is, those allegations which are legal conclusions, bare assertions,

21   or merely conclusory. *Id*. at 1949–51.  Second, the Court considers the factual allegations

22   "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the

23   allegations state plausible claims for relief, such claims survive the motion to dismiss.  *Id*. at

24   1950.

25   ////

26   ////

4

       C.  Defendant Wells Fargo's Request to take Judicial Notice

       Wells Fargo requests that judicial notice be taken of 11 documents related to the foreclosure of Plaintiffs' property which are publicly recorded:  a May 30, 1997 Deed of Trust, a May 28, 1997 Promissory Note, an August 8, 1997 Assignment of Deed of Trust, an August 1, 2003 copy of Plaintiffs' Bankruptcy Petition, a September 13, 2011 copy of Plaintiffs' bankruptcy docket, a December 9, 2008 order dismissing Plaintiffs' bankruptcy case, an August 2, 1010 copy of Plaintiffs' bankruptcy discharge, an October 11, 2010 Notice of Default and Election to Sell, an October 11, 2010 Substitution of Trustee, a January 13, 2011 Foreclosure Mediation Certificate, a January 13, 2011 Notice of Trustee's Sale, and a February 17, 2011 Trustee's Deed Upon Sale.  Wells Fargo's request for judicial notice is unopposed.

       While, "as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion. . . it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir.2008) (quotations and citations omitted). However, to take judicial notice of a fact, it must be either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The documents submitted by Wells Fargo are publicly recorded documents of which judicial notice may properly be taken, and accordingly, those documents may be considered in deciding Wells Fargo's motion to dismiss.

       D.  Wells Fargo's Standing

       As a preliminary issue, Plaintiffs' complaint and also their opposition to Wells Fargo's motion to dismiss allege that neither the State of Nevada Housing Division nor Wells Fargo have standing to pursue a foreclosure sale against Plaintiffs' property.  The State of

1    Nevada Housing Division was not the original mortgagee and, therefore, must show that the

2    mortgage was properly assigned to them in writings signed by the grantors before they could

3    notice the sales and foreclosures of the properties.  *See Pasillas v. HSBC Bank USA*, 255 P.3d

4    1281, 1286 (Nev. 2011) (ruling that valid assignments are needed when a beneficiary of a

5    deed of trust seeks to foreclose on a property).  North American Mortgage Company's

6    assignment of the deed of trust to the State of Nevada Housing Division's – correctly

7    recorded on August 8, 1997 – is evidence of the State of Nevada Housing Division's standing

8    to foreclose (Request for Judicial Notice Dkt. #8 Exh. 3).  Plaintiffs do not dispute that

9    Defendant State of Nevada Housing Division, through its substituted servicer, National

10   Default, initiated foreclosure proceedings against Plaintiffs.  Because the State of Nevada

11   Housing Division was the properly recorded beneficiary under the note and assignee of the

12   deed of trust it had authority and standing to initiate foreclosure proceeds if Plaintiffs

13   breached the terms of the loan agreement.

14         As to Wells Fargo's standing, Plaintiffs acknowledge in their opposition to Wells

15   Fargo's motion to dismiss that Wells Fargo did not foreclose on their home, is not the note

16   holder or trustee, and does not currently own Plaintiffs' home.  Therefore, Wells Fargo need

17   not provide proof of assignment in order to challenge Plaintiffs' claims.   Instead, Plaintiffs

18   incorrectly argue that Wells Fargo "has no standing to discuss the sufficiency of the

19   foreclosure sale" – while at the same time claiming that Wells Fargo should be held liable for

20   money damages based upon their conduct.  Wells Fargo is a defendant, not a plaintiff, and

21   thus need not establish constitutional standing to "discuss" claims brought against it by

22   Plaintiffs.

23         E.  Wrongful Foreclosure

24         Notwithstanding the Court's non-authority to void Plaintiffs' foreclosure due to

25   Plaintiffs' untimely complaint, the Court must still consider Plaintiffs' claim for wrongful

26   foreclosure.  Generally speaking, a tort action for wrongful foreclosure does exist in Nevada,

1    but only if "no breach of condition or failure of performance existed on the mortgagor's or

2    trustor's part which would have authorized the foreclosure or exercise of power of sale."

3    Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).

4            Unlike many recent and similarly situated cases in Nevada, Plaintiffs allege that they

5    are not in breach of the agreement, but that they have made "every attempt to keep the note

6    current."  Instead, Plaintiffs argue that Defendants breached the agreement by refusing to

7    accept Plaintiffs' mortgage payments.  Adding strength to their claim, Plaintiffs assert that

8    they "have all of the funds to pay all of the arrears caused by Wells Fargo."  Although such

9    bare assertions do not warrant an assumption of truth, Plaintiffs allege additional facts in their

10   complaint.  Plaintiffs assert that although they had arrearages in 2003, these arrearages were

11   paid and discharged under a Chapter 13 bankruptcy plan in May 2010, and that they remained

12   current on their mortgage through 2008.  Plaintiffs allege that beginning in 2009, Wells Fargo

13   began to refuse their mortgage payments, and that Wells Fargo's refusal continued into the

14   first few months of 2010.  Although Wells Fargo points to significant evidence in their

15   opposition to Plaintiffs' motion for temporary restraining order that weakens Plaintiffs'

16   claims, the Court cannot use these documents in considering a motion to dismiss.  Moreover,

17   Plaintiffs have not provided complete bank statements for 2009 and 2010, thus, at this stage it

18   is unclear whether Plaintiffs attempted to make their mortgage payment, whether Wells Fargo

19   rejected these payments, or whether such payments were misapplied.  Accordingly, the Court

20   denies the motion to dismiss the wrongful foreclosure claim.

21           F.  Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing

22           To state a claim for breach of contract in Nevada, a plaintiff must demonstrate (1) the

23   existence of a valid contract, (2) that the plaintiff performed or was excused from

24   performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages.

25   *Calloway v. City of Reno,* 993 P.2d 1259, 1263 (2000).  Basic contract principles require, for

26   an enforceable contract, an offer and acceptance, meeting of the minds, and consideration."

7

1   *May v. Anderson*, 121 Nev. 668, 672 (2005).  Moreover, "[e]very contract imposes upon each
2   party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw*
3   *Constr. v. Washoe County,* 105 Nev. 913, 784 P.2d 9, 9 (Nev.1989) (quoting Restatement
4   (Second) of Contracts § 205).

5        In their complaint, Plaintiffs alleged that Wells Fargo entered into an agreement with
6   Plaintiffs and breached that agreement when they foreclosed on Plaintiffs' home.  However,
7   with respect to the motion to dismiss, Plaintiffs do not dispute that Wells Fargo and Plaintiffs
8   never entered into an express, written agreement.  However, in their opposition to Wells
9   Fargo's motion to dismiss, Plaintiffs' provide additional allegations claiming breach of an
10  implied contract that are not contained in their complaint.

11       Plaintiffs argue that Wells Fargo's acceptance of Plaintiffs' monthly mortgage
12  payments constitute contractual acceptance; that the sending of monthly invoices, notices of
13  deficiencies, and receipt of payments manifest a mutual meeting of the minds, and; that
14  acceptance of Plaintiffs' monthly mortgage payment demonstrate consideration.   While
15  certain federal statutes prohibit liability against a mortgage servicer for certain activities, *See*
16  12 U.S.C.A. § 2605(j)(1)-(2) (mandating that a servicer of a federally related mortgage shall
17  not be liable to a borrower for failure to provide notice of an assignment, sale, or transfer of
18  the servicing of a loan), mortgage servicers, whether holders of the mortgage note or simply
19  agents of the holder of the note, may be liable for contractual breaches if the facts demonstrate
20  the existence of a contract.  Since, Plaintiffs' complaint does not meet the pleading
21  requirements by alleging facts claiming breach of an implied contract, i.e., the existence of an
22  offer, acceptance, meeting of the minds, and consideration, the Court dismisses the breach of
23  contract claim against Wells Fargo with leave to amend.  Likewise, the Court dismisses
24  Plaintiffs' breach of covenant of good faith and fair dealing with leave to amend.

25  ////

26  ////

1        G.  Conversion

2            In order to state a claim for conversion, Plaintiffs must allege that Wells Fargo

3    "wrongfully exerted [dominion] over personal property in denial of, or inconsistent with, title

4    or rights therein or in derogation, exclusion or defiance of such rights." *Winchell v. Schiff*,

5    193 P.3d 946, 950 (Nev. 2008).  While conversion requires a physical act of dominion of

6    personal property, liability for conversion is predicated upon "general intent, which does not

7    require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Id.*

8    Therefore, Plaintiffs must plausibly demonstrate that Wells Fargo exerted an act of dominion

9    over their personal property, in derogation of their rights in the property.

10           Defendant's argument that conversion only lies in the wrongful dominion over

11   personal property without any contextual reference to real property wherein the personal

12   property is stored is misplaced.  *See Winchell*, 193 P.3d at 950 (upholding jury damages

13   award for conversion where landlord wrongfully exerted dominion over a tenant's personal

14   property located in a warehouse when landlord changed the tenant's locks prior to the

15   termination of the lease, and thereafter tenant's property was stolen).  Plaintiffs allege in their

16   complaint that they were wrongfully evicted.  Therefore, changing the locks on Plaintiffs'

17   house would constitute an act of dominion over Plaintiffs' personal property if the eviction

18   was wrongful.

19           It is unclear whether Wells Fargo is a party in interest to Plaintiffs' conversion claim.

20   They are not and never have been the owner, note holder, or beneficiary of the deed of trust

21   secured by Plaintiffs' property.  Plaintiffs acknowledge that they did not initiate or conduct

22   the foreclosure sale.  It is unsettled whether Wells Fargo participated in the eviction process

23   which Plaintiffs allege forms the basis of their conversion claim.  However, Wells Fargo does

24   not disavow participation in the eviction procedure.  Thus, the Court cannot say as a matter of

25   law whether Wells Fargo wrongfully exerted dominion over Plaintiffs' personal property, or

26   ////

9

1  whether such eviction was wrongful.  Accordingly, the Court denies the motion to dismiss

2  Plaintiffs' conversion claim.

3  III.   Conclusion

4          **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order

5  and Preliminary Injunction (#4/5) is **DENIED**;

6          **IT IS FURTHER ORDERED** that Defendant Wells Fargo's Motion to Dismiss (#7)

7  is **GRANTED** in part and **DENIED** in part;

8          **IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint within

9  fourteen (14) days of the entry of this order.  Failure to do so will result in dismissal of

10  Plaintiffs' claims against Wells Fargo for breach of contract and breach of the covenant of

11  good faith and fair dealing.

12          DATED this 29th day of December 2011.

13

14

15  _____

16  Kent J. Dawson
    United States District Judge

17

18

19

20

21

22

23

24

25

26

10